JOSEPH A. WILKINSON ET AL. *v.* INLAND WETLANDS AND WATERCOURSES COMMISSION OF THE TOWN OF KILLINGWORTH ET AL.
(9030)

O'CONNELL, NORCOTT and LANDAU, Js.

Argued December 4, 1990—decision released February 26, 1991

*Margery W. Smith,* town attorney, for the appellant (named defendant).

*Thomas A. Cloutier,* with whom, on the brief, were *Jeffrey C. Eddy* and *R. Scott Patterson,* for the appellees (plaintiffs).

NORCOTT, J. The defendant Killingworth inland wetlands and watercourses commission (IWWC)[1] appeals from the judgment of the trial court in favor of the plaintiffs, Joseph A. Wilkinson and Carol P. Wilkinson. The dispositive issue on appeal is whether a court or an administrative agency should be the first to decide whether that agency has jurisdiction over a particular subject matter.

The following facts are relevant to the resolution of this appeal. The plaintiffs own five and one-half acres of land on Route 148 in Killingworth. The plaintiffs' property includes both a pond and wetlands. In the fall of 1988, the plaintiffs applied to the Killingworth planning and zoning commission for a permit to construct a horse barn and indoor riding arena on their property. Pursuant to General Statutes § 8-3c,[2] the plaintiffs filed a copy of the application with the IWWC with an application for wetlands review and a copy of the plot plan. The plaintiffs also requested that the IWWC issue a declaratory ruling[3] that their proposed activities con-

---

[1] The individual members of the IWWC and the commissioner of the department of environmental protection were also named as defendants in this action.

[2] General Statutes § 8-3c provides: "SPECIAL PERMITS, EXCEPTIONS AND EXEMPTIONS. HEARINGS. FILING REQUIREMENTS. (a) If an application for a special permit or special exception involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for a special permit or special exception."

[3] Section 5.2 of the IWWC regulations provides in pertinent part: "Any person at any time may request the Commission to issue a declaratory ruling as to whether a proposed activity is within the Commission's jurisdiction under these Regulations, and is, therefore, subject to the permit application requirements contained herein. If the Commission finds, on the

stituted "farming" and were therefore permitted as of right under General Statutes § 22a-40 (a) (1)[4] and § 3.1.1 of the IWWC regulations.[5]

At its meeting on January 11, 1989, the IWWC decided to require the plaintiffs to submit an application for a permit. The necessary forms were given to the plaintiffs. On January 25, 1989, the plaintiffs again argued to the IWWC that no permit was needed because their proposed use was allowed as of right. The IWWC agreed to reconsider its decision and asked the plaintiffs to produce additional information, in particular a site plan sealed by a licensed engineer or surveyor.[6] At the IWWC's February 22, 1989 meeting, the plaintiffs presented the definition of farming found in General Statutes § 1-1 (q).[7] They failed, however, to submit a sealed site plan as requested by the IWWC. The IWWC determined, therefore, that the plaintiffs

basis of submitted evidence (including any such site plan as the Commission may require), that a proposed activity or use does not involve a regulated activity in a regulated area, no application for a permit for such activity shall be required. Any such ruling shall be subject to limitation or revocation if it is later shown that a regulated activity in a regulated area is a consequence of that proposed activity or use."

Although it is not clear from the record before us whether the plaintiffs in fact explicitly asked for a declaratory judgment, both the IWWC and the trial court treated their application for review as containing such a request.

[4] General Statutes § 22a-40 provides: "PERMITTED OPERATIONS AND USES. (a) The following operations and uses shall be permitted in wetlands and watercourses, as of right: (1) Grazing, farming, nurseries, gardening and harvesting of crops and farmponds of three acres or less . . . ."

[5] Section 3.1.1 of the IWWC regulations, using language identical to that of General Statutes § 22a-40 (a) (1), also allows farming as of right in inland wetlands and watercourses.

[6] The plot plan previously submitted by the plaintiffs was not sealed by a licensed professional.

[7] That statute defines farming, in pertinent part, as, "raising or harvesting any agricultural or horticultural commodity, including the raising, shearing, feeding, caring for, training and management of livestock, including horses . . . ."

had not proven that their proposed activities were farming and once again voted to require the plaintiffs to file an application for a permit.

The plaintiffs appealed the IWWC's February 22 ruling to the Superior Court pursuant to General Statutes § 22a-43.[8] In their appeal, the plaintiffs challenged the IWWC's authority to make such an order in light of the exemption for farming operations. The trial court found that the plaintiffs' proposed activities were farming and, as such, were exempt from "any of the [IWWC's] regulations." From that determination, the IWWC appealed to this court.

Our decision in this case is controlled by the Supreme Court's recent ruling *Cannata* v. *Department of Environmental Protection*, 215 Conn. 616, 577 A.2d 1017 (1990). The plaintiffs in *Cannata* informed the department of environmental protection (DEP) that they intended to cut down trees in an area regulated by that agency in order to expand their agricultural crop land. The commissioner of the DEP issued an ex parte cease and desist order, directing the plaintiffs to stop cutting trees because they had failed to apply for a permit as provided in General Statutes § 22a-342. A hearing officer upheld the commissioner's order pending the plaintiffs' permit application and the DEP's final action on it. The plaintiffs appealed that decision to the Superior Court, claiming that the DEP could not

[8] General Statutes § 22a-43 provides in pertinent part: "APPEALS. (a) The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may . . . appeal to the superior court . . . in accordance with the provisions of section 4-183 . . . ."

General Statutes § 4-183, in turn, allows such appeals only when all administrative remedies have been exhausted.

force them to apply for a permit because their proposed agricultural use was exempt from regulation under General Statutes § 22a-349. The trial court found that it lacked jurisdiction because the plaintiffs had failed to exhaust their administrative remedies and dismissed the appeal.

The Supreme Court upheld the trial court's dismissal, holding that the exhaustion requirement mandated that the administrative agency be the first to determine its jurisdiction. The court noted the general rule that, when a mechanism for adequate judicial review exists, an administrative agency must determine whether it has jurisdiction in a particular situation. In addition, " ' "[w]hen a particular statute authorizes an administrative agency to act in a particular situation it necessarily confers upon such agency authority to determine whether the situation is such as to authorize the agency to act—that is, to determine the coverage of the statute—and this question need not, and in fact cannot, be initially decided by a court.". . .' " (Citations omitted.) *Cannata* v. *Department of Environmental Protection,* supra, 623.

The *Cannata* court also found that requiring the plaintiffs to submit to the permit process was not a futile or inadequate remedy. "Issuance of a permit would provide the plaintiffs with the relief they seek. If the commissioner denies the plaintiffs a permit, they can then pursue an appeal to the Superior Court . . . challenging the commissioner's jurisdiction and her decision denying them a permit. Therefore, the permit process . . . is an adequate remedy available for the requested relief and is within the agency's authority to grant." Id., 629.

In the present case, the IWWC, like the DEP, must be given the first opportunity to determine its jurisdiction. Requiring the plaintiffs to apply for a permit

is neither futile nor inadequate. If the IWWC finds that the plaintiffs' proposed use is exempt from regulation under General Statutes § 22a-40 (a) (1), the plaintiffs will be allowed to conduct their activities without a permit. If the commission determines that the plaintiffs' proposed use is not exempt, it must then decide whether to issue a permit. Like the plaintiffs in *Cannata,* the plaintiffs in the present case can appeal from an adverse ruling, challenging both the IWWC's jurisdiction and its decision denying them a permit. If, conversely, a permit is granted, the plaintiffs will have received the underlying relief sought, i.e., permission to build horseback riding facilities on their property.

The plaintiffs contend, however, that the IWWC has in fact already determined that it has jurisdiction by virtue of its declaratory ruling. Our review of the record reveals, however, that the IWWC reserved its decision on whether the plaintiffs' proposed use was farming because the plaintiffs had failed to present, as required, a sealed site plan. Postponing the resolution of this issue until the plaintiffs have applied for a permit because the plaintiffs themselves refused to cooperate with the IWWC was well within the IWWC's discretion. See *Cannata* v. *Department of Environmental Protection,* supra, 632.

The judgment is reversed and the case remanded to the trial court with direction to render judgment dismissing the plaintiffs' appeal.

In this opinion the other judges concurred.