[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
MOTION TO STRIKE
On February 5, 1992, the plaintiff, Robert Swan, zoning Enforcement Officer for the City of Milford, filed a revised three count complaint against the defendant, Lawrence J. DoDonato and Elizabeth DoDonato, pursuant to 8-12 of the General Statutes. The plaintiff alleges that he conducted an inspection of the defendants' premises and observed that the defendants were in violation of three of Milford's zoning regulations (hereinafter "Regulations"). In the first count, the plaintiff alleges that the defendants had deposited fill within one foot of a watercourse in violation of 4.1.15.1 of the Regulations. In the second count, the plaintiff alleges that the defendants are storing and selling firewood on their premises without zoning approval in violation of 8.3 and 8.5 of the Regulations. In the third count, the plaintiff alleges that the defendants are storing a bulldozer and backhoe on the premises in violation of 3.1.3.7 of the Regulations.
In each of the three counts, the plaintiff alleges that on April 16, 1991 he issued a cease and desist order to the defendants notifying them of the violations and ordering them to correct the violation within 30 days. The plaintiff further alleges that as of the date of the complaint, the defendants failed to comply with the plaintiff's order. The plaintiff seeks monetary penalties, a permanent injunction enjoining the defendants from continuing the prohibited activities, and an order permitting the periodic inspection of the premises by the Zoning Enforcement Officer to ensure compliance with the Regulations.
CT Page 10371 On March 6, 1992, the defendants filed their answer and three special defenses to the plaintiff's revised complaint. Each of the special defenses cites provisions of the Inland Wetlands and Watercourses Act, General Statutes 22a-28 through 22a-45. In the defendants' first special defense they allege that "the plaintiff failed to provide for a hearing . . . as required by C.G.S. 22a-44(a)." In the second special defense, the defendants allege that "the plaintiff failed to notify the defendants whether the original cease and desist order remained in effect . . . as required by C.G.S. 22a-44(a)." In the third special defense, the defendants allege that "[i]f there was any `regulation activity' and if there was a `watercourse' as defined by C.G.S. 22a-38(13) and C.G.S.22a-38(16) . . . any activities alleged by the plaintiff were permitted pursuant to C.G.S. 22a-40."
On March 13, 1992, the plaintiff filed a motion to strike the defendants' three special defenses. The plaintiff argues in his memorandum in support of the motion to strike that 22a-44(a) and22a-40 are inapplicable to the present action, therefore the special defenses are legally insufficient. The defendants have timely filed a memorandum in opposition to that motion in which they argue that 22a-44(a) and 22a-40 are applicable to the present action and their special defenses are legally sufficient.
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike is the proper method to test the legal sufficiency of a special defense in an answer. Practice Book 152(5). In ruling on a motion to strike, the trial court is limited to the facts alleged in the pleadings and the grounds specified in the motion. Maloney v. Conroy, 208 Conn. 392, 394, 545 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . . stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The allegations in the pleadings are construed in the light most favorable to the nonmovant. Gordon, supra, 170. Thus, if the facts provable under the allegations of a pleading would support a defense, the motion to strike must fail. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19,520 A.2d 217 (1987).
The plaintiff argues in his memorandum in support of the motion to strike that the defendants' first and second special CT Page 10372 defenses are legally insufficient "because section 22a-44(a) is inapplicable to the present action and because the applicable zoning statute, section 8-12, contains no notice or hearing requirements." (Memorandum of Law in Support of Plaintiff's Motion to Strike, pg. 1). The plaintiff argues that "[b]y its terms, the provisions of section 22a-44(a) apply only to an inland wetlands agency or its duly authorized agent . . . [and therefore] section22a-44(a) is inapplicable to this action." (Memorandum of Law in Support of Plaintiff's Motion to Strike, pp. 1-2). Since the plaintiff brought this action under 8-12, which contains no notice or hearing requirements, the plaintiff argues that the court should strike the defendants first two special defenses. (Memorandum of Law in Support of Plaintiff's Motion to Strike, p. 2). In addition, the plaintiff argues that the court should strike the defendants' third special defense because "[e]ven if the defendants' activities are permitted under section 22a-40, the plaintiff, as a Zoning Enforcement Officer has the legal authority to bring this action under section 8-12 . . . for violations of Milford's zoning regulations." (Memorandum of Law in Support of Plaintiff's Motion to Strike, pp. 2-3).
The defendants' contention is that "the allegations contained in their three special defenses are proper, and in the event that there is a conflict between the zoning regulations of the City of Milford and the [General] Statutes . . . as cited in their special defenses, the defendants [argue] that the [General] Statutes apply and the zoning regulations . . . do not supersede the [General] Statutes. . . ." (Memorandum in Opposition to Plaintiff's Motion to Strike, p. 2). The defendants argue that Milford's regulations conflict with General Statutes 22a-40(a)(1) which provides that certain "operations and uses shall be permitted in wetlands and watercourses as of right." (Memorandum in Opposition to Plaintiff's Motion to Strike, pp. 3-6). The defendants further argue that "our courts have considered such conflicts against the municipal officer who has attempted to enforce [the conflicting] regulations." (Memorandum in Opposition to Plaintiff's Motion to Strike, p. 4). The defendants argue that if at trial they can prove that their activities are included within the provisions of General Statutes 22a-40(a)(1) and therefore are permitted "as of right", then their three special defenses are legally valid and would serve as a defense to the plaintiff's action. (Memorandum in Opposition to Plaintiff's Motion to Strike, p. 7).
The plaintiff brings this action pursuant to 8-12 of the General Statutes. (Revised Complaint, First Count, para. 6). CT Page 10373 General Statutes 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their zoning regulations. Planning Zoning Commission v. Desrosier, 15 Conn. App. 550,558, 545 A.2d 597 (1988). Section 8-12 provides that "[i]f any . . . land has been used in violation of any provision of . . . any . . . regulation . . . any official having jurisdiction . . . may institute an action or proceeding to prevent such unlawful . . . use or to restrain, correct or abate such violation. . . ." The zoning enforcement officer is empowered to issue written orders to cease carrying on activities prohibited by the local regulations and violators of such orders are subject to an injunction and various civil and criminal penalties. General Statutes 8-12.
Generally, the recipient of an order to cease and desist must first appeal the order to the zoning board of appeals pursuant to General Statutes 8-6(1) before bringing the matter to court. Greenwich v. Kristoff, 180 Conn. 575, 579, 430 A.2d 1294 (1980); Helbig v. Zoning Commission, 185 Conn. 294, 301, 440 A.2d 940
(1981); Wilkinson v. Inland Wetlands Watercourses Commission,24 Conn. App. 163, 167, 586 A.2d 631 (1991); Planning Zoning Commission v. Desrosier, supra, 559, Tondro, Connecticut Land Use Regulation, (2d ed.), 514, 530-531.
However, the defendant in this case may attack the validity of the regulation without appealing the cease and desist order to the zoning board of appeals. Norwich v. Norwalk Wilbert Vault Co., Inc., 208 Conn. 1, 3, 544 A.2d 152 (1988). In Norwich, the court considered the issue of whether, in an action by a city to enjoin certain activities of a landowner as violative of a zoning ordinance, the defendant landowner may attack the validity of the ordinance without first having attempted to secure such administrative relief as may be available under the ordinance. Id. The court noted that a jurisdictional prerequisite to seeking relief in a court of law is that all administrative remedies must be exhausted, but where the available relief is inadequate or futile, the administrative process may be bypassed. Id., 4. The court held that "where the plaintiff city has hailed the defendant into court, the defendant may defend on the ground of the general invalidity of the ordinance, without exhausting all available administrative remedies." Id., 7.
The defendants may either appeal the plaintiff's order or attack the validity of the zoning regulations applied against them. See Greenwich, supra, 579; Norwich, supra, 3. The defendants have CT Page 10374 alleged the necessary facts in their special defenses for the court to imply that the defendants are attacking the validity of the Regulations. In the third special defense, the defendants allege that "if there was any `regulated activity' and if there was a `watercourse' as both are defined by C.G.S. 22a-38(13) and C.G.S.22a-38(16) . . . any activities alleged by the plaintiff were permitted pursuant to C.G.S. 22a-40." Since the plaintiff brings this action to enforce Milford's Zoning regulations and the defendants have specially pleaded that their activities are permitted under General Statutes 22a-40, the court may imply that the defendants are asserting that 22a-40 somehow supersedes or invalidates the Regulations.
On a motion to strike, the court must determine whether the facts pleaded would support a defense. D'Ulisse-Cupo, supra, 218-19. The defendants have alleged sufficient facts in their third special defense, that if proven by the defendants, may support a valid defense to the plaintiff's action. In addition, the defendants' first and second defenses are legally sufficient if the defendants are able to prove their activities are permitted by22a-40 of the General Statutes.
For the foregoing reasons, the defendants' three special defenses are deemed to be legally sufficient and the plaintiff's motion to strike all three special defenses is denied.
The Court
By Curran, J.