[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Andrew S. Groher and Kingswood Estates, Inc., appeal the decision of the defendant Inland Wetlands and Watercourses Agency of the town of Glastonbury denying their application for a ruling that a proposed activity on property owned by them is exempt from regulation. The defendant agency rendered its decision pursuant to the town's Inland Wetlands and Watercourses Regulations, § 4.4. The plaintiffs appeal pursuant to General Statutes § 22a-43. The court finds the issues in favor of plaintiff Groher.
The court conducted an evidentiary hearing at which plaintiff Groher appeared and testified that in July 1998 plaintiff Kingswood Estates, Inc., was the owner and he was the purchaser under a contract of the property in question. At that time, plaintiff Groher submitted his request for the exemption ruling to the agency. Subsequently, while this appeal was pending, plaintiff Groher completed the purchase of the property and he is now the sole owner. Based on these facts, the court finds that plaintiff Groher is aggrieved by the agency's adverse ruling and has standing to prosecute this appeal. Kingswood Estates, Inc., which no longer has any interest in the property, is not aggrieved and the appeal is dismissed as to it.
The facts essential to the court's decision are not in dispute. Section 4.4 of the town's wetlands regulations provides that any person may "notify the Agency with sufficient information to enable it to determine that (a) proposed activity is permitted or nonregulated (in a regulated area). The Agency shall rule either that the proposed activity is a permitted or nonregulated activity, or that a permit is required."
In July 1998, the plaintiff notified the defendant agency in CT Page 13008 accordance with § 4.4 of the regulations that he proposed to conduct a farming activity on eight acres of land, some of which is located in a wetlands regulated area. Specifically, he proposed to construct a six-stall barn and establish a fenced area to house horses. About half of the barn would be located in a wetlands conservation buffer area and all of the fenced area would be within the buffer. In conjunction with his written request, the plaintiff met with the town's Environmental Planner, Tom Mocko, and informed him that he owns three ponies, one of which he is attempting to breed, and that the number may increase.
In his notification to the agency, the plaintiff in essence requested a ruling that the activity he proposed is exempt from wetlands regulation because it constitutes farming and that no permit is required.
The defendant agency held a hearing on the request for a ruling. The plaintiff appeared and presented his proposal in more detail. Members of the public were present and were heard.
Subsequent to the hearing, the agency met and voted to deny the requested ruling. The agency published notice of its decision on October 1, 1998, and notified the plaintiff of its decision by letter on October 6, 1998, stating that the "proposal does not constitute `farming' as defined by the Town's Inland Wetlands 
Watercourses regulations."
The plaintiff filed this appeal on October 15, 1998. Various owners of abutting property have been granted status as intervening defendants. Although the commissioner of environmental protection intervened as a party defendant pursuant to General Statutes § 22a-43, the commissioner joins the plaintiff in opposition to the agency's decision.
As noted, the basis of the plaintiff's request for a ruling from the defendant agency as well as the basis of this appeal is that the activity he proposed to conduct is farming and that such activity is exempt from regulation. The defendants moved to dismiss the appeal on the basis that the plaintiff had not exhausted his administrative remedies, arguing that he must first apply for a permit and be denied before bringing an appeal. This court (McWeeny, J.) denied that motion. As a threshhold issue, the defendants renew this jurisdictional argument, citingWilkinson v. Inland Wetlands Watercourses Agency,
CT Page 1300924 Conn. App. 163 (1991).
General Statutes § 22a-43 (a) provides that "any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the . . . municipality . . . appeal to the superior court." The agency's decision to deny the requested ruling in this case is clearly such a "decision or action" and is, therefore, subject to appeal to this court. The Wilkinson case is not to the contrary. In that case, unlike this one, the plaintiff did not complete the request for a ruling and the agency did not issue a ruling. The court concludes that the decision of Judge McWeeny was correct; the defendants' jurisdictional argument may not be sustained.
The sole issue raised by this appeal is whether the agency correctly ruled that the activity proposed by the plaintiff is not exempt from regulation and must be subjected to the permit application process.
General Statutes § 22a-40 (a) provides, in relevant part, that "The following operations and uses shall be permitted in wetlands and watercourses, as of right: (1) Grazing, farming . . ." (Emphasis added.) General Statutes § 1-1 (q) provides that "farming" includes "the raising, . . . feeding, caring for, training and management of livestock, including horses . . ." An activity which is permitted as of right under § 22a-40 (a) is exempt from regulation. See General Statutes § 22a-38 (13).
In the agency's decision on the plaintiff's request for a ruling and in their memoranda of law to the court in this appeal, the agency and the intervening neighbors contend that the town's regulations defining "farming" are controlling and that the plaintiff failed to prove that his proposal falls within that definition. In particular, the defendants argue that section 2.1 1 of the regulations restrict the farming exemption to farming operations that are "subject to and previously documented by the filing of a farm business declaration with the federal Internal Revenue Service." The agency and the neighbors apparently take the position that the farming exemption is available only when the farming is conducted as a business as distinguished from, say, a hobby. Although the plaintiff stated at the hearing on his request for a ruling that he had filed with the IRS the requisite form, the agency and the intervening neighbors contend that this statement was insufficient to prove compliance with the CT Page 13010 regulation.
The presumption that the agency's ruling was correct "must be sustained unless the (agency's) decision is arbitrary, illegal or not reasonably supported by the evidence. The plaintiff has the burden of proof in challenging the administrative action." RedHill Coalition, Inc. v. Conservation Commission, 212 Conn. 710,718 (1989). In this case, the court concludes that the agency's decision was not legal.
There can be little question that the activity proposed by the plaintiff — raising horses — constitutes "farming" within the meaning of the wetlands statutes and would, therefore, be exempt from regulation pursuant to General Statutes § 22a-38 (13). In essence, the agency's decision seeks to avoid that outcome by imposing a narrower definition of "farming" so as to exclude the plaintiff's activities. An administrative agency is not empowered to alter the scope or effect of state statutes, however, by regulation or otherwise. "It is fundamental that the power conferred [upon administrative agencies] to make regulations for carrying a statute into effect must be exercised within the powers delegated . . . and it cannot be extended to amending or adding to the requirements of the statute itself . . . No administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power." (Citations and internal quotation marks omitted.)Phelps Dodge Copper Products Co. v. Groppo, 204 Conn. 122, 128
(1987).
In the present case, the agency's decision had the effect of illegally limiting the scope of General Statutes § 22a-40 and § 22a-38 (13) and, for that reason, may not be affirmed. The plaintiff's appeal is sustained.
MALONEY, J.