[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
On January 29, 1999, the code enforcement officer issued a cease and desist order to the plaintiffs for conducting a regulated activity within 100 feet of a wetland and watercourse. (ROR, Exhibit 1.) Upon observing the property, the officer discovered that the plaintiffs were clearing, excavating, and filling portions of land located within 100 feet of wetlands and/or watercourses without a permit. (ROR, Exhibit 4.) The officer determined that such activity violated § 5.1 of the inland wetlands watercourses regulations of the town of Weston. (ROR, Exhibit 1.) The public hearing before the commission was originally scheduled for February 3, 1999; (ROR, Exhibit 1.); however, the matter was continued to February 17, 1999. (ROR, Exhibit 2.) On February 17, 1999, the commission rescheduled the hearing to March 3, 1999 because the plaintiffs could not attend the meeting and had requested a two-week continuance to review a report regarding observations of the property prepared by a certified soil scientist for the commission. (ROR, Exhibit 3.) The commission granted the continuance, conditionally, and informed the plaintiffs of those conditions in a letter to the plaintiffs' attorney. (ROR, Exhibit 16.) The three conditions were as follows: (1) the plaintiffs and the plaintiffs' experts were to respond in person to the cease and desist order at the March 3 hearing, and no later; (2) a remediation plan was to CT Page 7106 be presented to the commission to address the town's soil scientist report and any erosion, siltation, sedimentation and other environmental damage and/or conditions that potentially threaten wetlands, watercourses and regulated areas; and (3) an application for a permit to conduct regulated activities was to be submitted to the conservation planner by February 25. (ROR, Exhibit 16.)
The plaintiffs did not attend the hearing on March 3, 1999; (ROR. Exhibit 7.); and the plaintiffs' attorney sent a letter to the commission indicating that he would not attend the hearing because the plaintiffs' expert was not available. (ROR, Exhibit 17.) The attorney also informed the commission that the operation and use at the subject premises was "as of right" pursuant to General Statutes § 22a-40 (a)(1). (ROR, Exhibit 17.)
At the hearing on March 3, 1999, on the record the commission stated the plaintiffs' reasons for not attending the hearing. (ROR, Exhibit 7, p. 2.) The commission proceeded with the hearing because the plaintiffs had not complied with the conditions as set forth in the commission's February 19, 1999 letter. (ROR, Exhibit 7, p. 3.) The commission also emphasized that the issue of whether the activity was "as of right" pursuant to General Statutes § 22a-40 (a)(1) was a separate issue from the cease and desist order, and it could be decided upon receipt of a permit application from the plaintiffs. (ROR, Exhibit 7, p. 2.) The commission heard evidence from the town's code enforcement officer and from a soil scientist, Ken Stevens. (ROR, Exhibit 7.) Stevens had observed the property from an abutting property because the plaintiffs would not allow him to enter the subject property. (ROR, Exhibit 7, p. 4.) Stevens presented maps and photographs and explained the evidence to the commission. (ROR, Exhibits 7-12.) The commission decided to uphold the cease and desist order. (ROR, Exhibit 7, pp. 20-21.) Notice of the decision was mailed to the plaintiffs on March 12, 1999. (ROR, Exhibit 18.) The decision was published in the Weston Forum on March 18, 1999. (ROR, Exhibit 19.) The plaintiffs now appeal from the decision of the commission.
 Statement of the Case
The plaintiffs, Stones Trail, LLC and John V. Burtsche, appeal a decision of the defendant, the conservation commission of the town of Weston, upholding the issuance of a cease and desist order on January 29, 1999, by the town of Weston's code enforcement officer, Robert P. Turner. The cease and desist order was issued pursuant to General Statutes § 22a-44 (a). The commission rendered its decision pursuant to General Statutes § 22a-44 (a) and the Weston inland wetland and watercourse regulations. The plaintiffs appeal the decision pursuant to CT Page 7107 General Statutes § 22a-43 (a).
 Issues
The parties have filed briefs regarding the issues of whether the plaintiffs were provided with the opportunity to be heard and to present their own experts, and whether the plaintiffs' activities were conducted "as of right" under General Statutes § 22a-40 (a)(1).
 Procedural History
As previously stated, the commission's decision to uphold the cease and desist order was published in the Weston Forum on March 18, 1999. (Return of Record [ROR], Item 19.) The plaintiffs served the town clerk and the chairman of the commission on April 1, 1999. (Sheriff's Return.) The plaintiffs also served the commissioner of environmental protection by leaving appeal papers with the commissioner's legal counsel, Denise Rodosevich. (Sheriff's Return.) The appeal was filed with the clerk of the superior court on April 13, 1999. The commission filed an answer and return of record, and the commissioner of environmental protection filed an answer. All of the parties filed briefs.
 Jurisdiction
General Statutes § 22a-43 governs appeals from a decision of an inland wetlands agency. "It is fundamental that appellate jurisdiction in administrative appeals is created only by statute and can be acquired and exercised only in the manner prescribed by statutes." (Citations omitted; internal quotation marks omitted.) Munhall v. Inland WetlandsCommission, 221 Conn. 46, 50, 602 A.2d 566 (1992).
A. Aggrievement
"Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal." (Citations omitted; internal quotation marks omitted.) Munhall v. Inland WetlandsCommission, supra, 221 Conn. 50. "Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact."Water Pollution Control Authority v. Keeney, 234 Conn. 488, 493,662 A.2d 124 (1995).
General Statutes § 22a-43 (a) provides, in pertinent part, that "any person aggrieved by any regulation, order, decision, or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district, or municipality . . . may appeal to the superior court. . . ." CT Page 7108 The plaintiff's claim that they are aggrieved because the commission decided to affirm the cease and desist order on March 3, 1999. (Complaint, § 15.) According to the deed that has been submitted to the court as proof of aggrievement, Stones Trail is the owner of the property that is subject to the cease and desist order. Stones Trail's status as property owners of the property that is subject to the cease and desist order constitutes aggrievement for purposes of bringing an appeal. See Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,530, 525 A.2d 940 (1987). It is further alleged that John V. Burtsche, a sole proprietor d/b/a Burtsche Landscaping Excavation, "has been and continues to be an independent contractor providing earthmoving services to Stones Trail, LLC at the [p]roperty."[1] (Complaint, § 2.) The court finds, based upon the testimony presented at the May 14, 2001 hearing, that there exists jurisdiction over the subject matter of the appeal. The court further finds that the plaintiff has proven aggrievement.
B. Timeliness
General Statutes § 22a-43 (a) further provides, in pertinent part, that an aggrieved person "may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision, or action, appeal to the superior court for the judicial district where the land affected is located. . . ." General Statutes § 8-8 (b) provides, in pertinent part, that an "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes."
The notice of the decision was published on March 18, 1999, in the Weston Forum. (ROR, Exhibit 19.) The plaintiffs served the chairman of the commission, the town clerk and the commissioner of environmental protection on April 1, 1999. (Sheriff's return.) The appropriate parties were served within fifteen days of the publication of the decision.
 Scope of Judicial Review
"In reviewing an inland wetlands agency decision made pursuant to the act, the reviewing court must sustain the agency's determination if an examination of the record discloses evidence that support any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency." Samperi v. Inland Wetlands Agency, 226 Conn. 579, 587-88,682 A.2d 1286 (1993). "In challenging an administrative agency action, the plaintiff has the burden of proof. . . . The plaintiff must do more CT Page 7109 than simply show that another decision maker, such as the trial court, might have reached a different conclusion. . . . [T]he plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." Id., 587.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . (Citations omitted; internal quotation marks omitted.) Cadlerock Properties JointVenture, L.P. v. Commissioner of Env. Protection, 253 Conn. 661, 676,757 A.2d 1 (2000). The United States Supreme Court has concluded that substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . ." (Citations omitted; internal quotation marks omitted.) Id.
 Law
A Due Process
The plaintiffs argue that the public hearing held on March 3, 1999 violated their due process rights because it did not provide them with an opportunity to present evidence and to contest the cease and desist order. The plaintiffs also argue that the activities they have conducted are "as of right" pursuant to General Statutes § 22a-40 (a)(1). The commission counters that it did provide the plaintiffs with the opportunity to present evidence to demonstrate that the cease and desist order should not be upheld, but that the plaintiffs chose not to attend the hearing. The commission also contends that the commission decides whether the activities are "as of right" pursuant to General Statutes22a-40 (a)(1), not the plaintiffs. The commission claims that the plaintiffs have not presented any evidence showing that its activities are "as of right," therefore, the cease and desist order was properly upheld.
General Statutes § 22a-44 (a) provides, in pertinent part, that within ten days of the issuance of a cease and desist order "the agency shall hold a hearing to provide the person with an opportunity to be heard and show cause why the order should not remain in effect." Id. "Hearings before administrative agencies, such as this agency, although informal and conducted without regard to strict rules of evidence must be conducted so as not to violate the fundamental rules of natural justice." (Internal quotation marks omitted.) Huck v. Inland Wetlands Watercourses Agency, supra, 203 Conn. 536. "Fundamentals of natural CT Page 7110 justice require that there must be due notice of the hearing, and at the hearing no one may be deprived of the right to produce relevant evidence or to cross-examine witnesses produced by his adversary." (Internal quotation marks omitted.) Grimes v. Conservation Commission, 243 Conn. 266,274, 703 A.2d 101 (1997). "[D]ue process of law requires that the parties involved have an opportunity to know the facts on which the commission is asked to act . . . and to offer rebuttal evidence." Id.
In Welch v. Zoning Board of Appeals, 158 Conn. 208, 210, 257 A.2d 795
(1969), the plaintiffs claimed that the board denied them the opportunity to cross-examine "interested parties" and to offer rebuttal evidence. At the public hearing, the board read a letter into the record that was opposed to the plaintiffs' application. The plaintiffs did not respond to the letter, "nor did they request an opportunity to offer rebuttal evidence or to call the writer of the letter as a witness or to cross-examine him." Id., 212. The court held that the plaintiffs were afforded due process at the hearing because "the plaintiffs were afforded full opportunity to present their case, were fully informed of the letter offered in opposition and were not denied the opportunity, if they had wished to ask for it, to call and examine the writer of the letter." Id., 213.
In the present case, the plaintiffs were given notice of the hearing and were provided with the report of the soil scientist that was relied upon by the commission in reaching its decision. In fact, the plaintiffs requested a two-week continuance of the February 17, 1999 hearing to allow the plaintiff's time to review the report and prepare their own evidence in rebuttal. The commission complied and continued the hearing to March 3, 1999. The plaintiffs chose not to attend the March 3, 1999 hearing, and informed the commission by letter on the day of the hearing that they would not attend. In the letter, the plaintiffs sought another continuance to allow their own soil scientist to prepare a report. The commission chose to hold the hearing because the plaintiffs had failed to comply with any of the conditions upon which the commission had granted the plaintiffs' previous request for a continuance. The commission concludes that the plaintiffs were provided an opportunity for a fair and meaningful hearing but the plaintiffs chose not to take advantage of the opportunity.
B Applicability of General Statutes § 22a-40 (a)(1)
General Statutes § 22a-40 (a)(1) provides, in pertinent part, that "[t]he following operations and uses shall be permitted in wetlands and watercourses, as of right: (1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation. . . . "Id. "The administrative requirement that CT Page 7111 one apply to the commission in order to determine if his application is one for an exempt use . . . is, in and of itself, valid and is administratively necessary for the commission to discharge its function under the enabling statutes. . . . [T]here should be an administrative determination of any claimed exemption." Cannata v. Department ofEnvironmental Protection, 215 Conn. 616, 629, 577 A.2d 1017 (1990).
The plaintiffs agree that the commission is entitled to hold a hearing and determine whether the plaintiffs' activities are considered "as of right" pursuant to General Statutes § 22a-40 (a)(1). The plaintiffs contend that the commission denied them the opportunity to present evidence that their activities were "as of right" because the commission held the hearing to determine the validity of the cease and desist order in the plaintiffs' absence. The commission argues that the plaintiffs were not denied the opportunity to present evidence that their activities were "as of right" under General Statutes § 22a-40 (a)(1), but that the plaintiffs chose not to attend the hearing or to present evidence concerning the activities that the plaintiffs were conducting on the subject property. At the hearing on March 3, 1999, the commission stated that the plaintiffs were asserting that the activities conducted on the subject property were "as of right" pursuant to § 22a-40 (a)(1). The commission decided that the issue of whether the activities were "as of right" should be decided separately at such time as the plaintiffs submitted evidence showing that the activities were permitted under § 22a-40 (a)(1). In Wilkinson v. Inland Wetlands WatercoursesCommission, 24 Conn. App. 163, 168, 586 A.2d 631 (1991), the inland wetlands and watercourses commission (IWWC) "reserved its decision on whether the plaintiffs' proposed use was farming because the plaintiffs had failed to present as required, a sealed site plan." The court held that "[p]ostponing the resolution of this issue until the plaintiffs have applied for a permit because the plaintiffs themselves refused to cooperate with the IWWC was well within the IWWC's discretion." Id.
The court finds that the commission's decision is supported by substantial evidence in the record and dismisses the plaintiffs' appeal. It is obvious to the court based upon the entire record and the hearing of May 14, 2001 that the Commission's decision was not arbitrary nor an abuse of the Commission's discretion when it decided to conduct its hearing on March 3, 1999 because the plaintiffs were given notice and an opportunity to be heard on more than one occasion prior to the March 3, 1999.
RODRIGUEZ, J.